## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| EMORY GROUP LLC, | |
| Plaintiff, | Civil Action No. 1:13-cv-03717-AT |
| v. | District Judge Amy Totenberg |
| DESTINY COLLECTIVE, LLC d/b/a SHIRTS FOR GREEKS, and BRANDON METCALF | Jury Trial Demanded |
| Defendants. | |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6)

In summary, the Defendants' respectfully disagree with Emory's interpretation of the seminal *Dastar* case and its progeny.

### I.   The Allegations of the Complaint Clarified

Emory's fundamental error is in its attempt to rely upon "re-packaging" cases -- *i.e.,* where the Plaintiff's physical product had been used -- either directly or in photographs.  However, these facts are not the allegations of the Complaint here.

40.  In advertising and offering for  sale certain college and

university Greek-letter clothing, Defendants have **removed** Emory Group's GENEOLOGIE™ brand name and trademark while leaving intact a substantially similar knockoff of Emory Group's works. (emphasis added) (Doc. 1, filed 11/11/2013).

Hence, the subject of the accused activity was <u>not</u> "removal" of printed indicia **from one of Emory's physical shirts,** but instead was supposedly the emulation of Emory's (albeit un-copyrighted) **advertising**.

The figures of the Complaint fully show this, as follows:



**Emory's Advertising**



**Destiny's Advertising**

Moreover, neither does Emory's pleading purport to state that Destiny's advertising has somehow used photographs of Emory's physical shirt goods. Hence, the only rational interpretation of Emory's pleading is that Emory is alleging that it is the purported **intellectual property** of Emory that has been misappropriated -- and not the **physical** shirts, *per se*.

Of course, this is the salient consideration in applying the *Dastar* holding to

the facts of this case.

## II.    <u>Count I Should Be Dismissed</u>

Emory does not address[1] the holding of the leading *Dastar* case -- *i.e.*, that a

"passing off" case under Section 43(a) of the Lanham Act:

>   (a) only extends to facts wherein the plaintiff's **<u>physical goods</u>** have
>        been re-packaged by another, and

>   (b) does not extend to any underlying **<u>intellectual propert(ies):</u>**

The *Dastar* case is directly in point and states:

>   In sum, reading the phrase "origin of goods" in the Lanham Act in
>   accordance with the Act's common-law foundations (which were not
>   designed to protect originality or creativity), and in light of the
>   copyright and patent laws (which were), we conclude that the phrase
>   refers to **<u>the producer of the tangible goods that are offered for
>   sale, and not to the author of any idea, concept, or communication
>   embodied in those goods.</u>** Cf. 17 U. S. C. § 202 (distinguishing
>   between a copyrighted work and "any material object in which the
>   work is embodied"). To hold otherwise would be akin to finding that §
>   43(a) created a species of perpetual patent and copyright, which
>   Congress may not do. See <u>Eldred v. Ashcroft, 537 U. S. 186, 208
>   (2003)</u>

>                                          ***

>   Because we conclude that Dastar was the "origin" of the products it
>   sold as its own, respondents cannot prevail on their Lanham Act
>   claim. (emphasis added).

>   *Dastar Corp. v. Twentieth Century Fox Film Corp.,* 539 US 23, 37-38
>   (2003); also see, *Hustlers, Inc. v. Thomasson*, 1:01-cv-3026, 2004

---

[1] Moreover, Emory likewise does not discuss the requirement to plead (and prove)
"secondary meaning" in order to pursue a trade dress count under the Lanham Act.
See *Two Pesos, Inc.* Emory *v. Taco Cabana, Inc.*, 505 U.S. 763 (1992); and *Wal-
Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 U.S. 205 (2000).

WL 3241667 (N.D. Ga. Dec. 29, 2004) (citing *Dastar*, 539 U.S. at 31); *Monalisa Collection, Inc. v. Clarke Products, Inc.*, 6:11-CV-360, 2011 WL 2893630 (M.D. Fla. July 20, 2011) [no "reverse passing off" where defendant is actual manufacturer of product being sold].

Each of Emory's case law citations has been reviewed, and is either pre-*Dastar* or deals with a situation involving the re-packaging of physical goods, or the use of photographs of such physical goods.

Wherefore, Plaintiff's Lanham Act claim must be dismissed.

### III. The UDTPA and the Common Law Unfair Competition Claims Should Be Dismissed.

Emory does not disagree that the treatments of (i) the common law unfair competition claim and (ii) the UDTPA count, are co-extensive with the Lanham Act analysis.

Generally speaking, a claim under the Georgia Deceptive Practices Act is "co-extensive" with a Lanham Act claim. *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc*., 496 F.3d 1231, 1248 n.11 (11th Cir. 2007); *Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252, 258 (5th Cir. 1980) ("Infringement of a registered mark is governed by the provisions of 15 U.S.C. § 1114 [ ], which imposes liability against use likely to cause confusion, or to cause mistake, or to deceive. The same test is applicable to the [Georgia] deceptive trade practices claim and common law unfair competition." (citations and alterations omitted)). Similarly, the Georgia False Advertising statute involves "essentially the same

test" as the Lanham Act. *Gold Kist Inc. v. ConAgra, Inc.*, 708 F. Supp. 1291, 1303 (N.D. Ga. 1989).

Thus, because Plaintiff has failed to state a claim under the Lanham Act, it has also failed to state a claim for common law unfair competition or for alleged violation of UDTPA.  Therefore, these Counts must also be dismissed.

### IV.    Count III (GFBPA) Should be Dismissed

Emory has failed to address the Defendants' positions on dismissal of the GFBPA claim. As the Court is aware, and pursuant to N.D. Ga. L.R. 7.1.B, unaddressed matters are deemed to have been admitted.  Thus, this count must also be dismissed.

### V.    Count V (Unjust Enrichment)  Should be Dismissed

Incorrectly, Emory seeks to rely upon *dicta* from the case of *Schutz Container Sys., Inc. v. Mauser Corp.*, 1:09-CV- 3609, 2012 WL 1073153 (N.D. Ga. Mar. 28, 2012), to support its unjust enrichment claim.  However, the *Schutz* case is fully distinguishable from the facts of this case.  In *Schutz*, the Defendants had sold genuine **reconditioned** goods, but had not removed the original trademarks.  Here, there is no allegation of "reconditioning" of Emory's goods. Also, the defendant there unfortunately did not raise the fundamental point that an unjust enrichment claim is only an alternative theory of recovery if and when a

contract claim has failed under Georgia law.[2]   Therefore, an important body of Georgia case law was not considered by the court in *Schutz*.   Furthermore, in *Smith Serv. Oil v. Parker*, 549 S.E.2d 485, 487 (Ga. Ct. App. 2001), a case that is quoted in the *Schutz* opinion, the plaintiff <u>did</u> in fact sue for each of (i) breach of contract, and (ii) unjust enrichment.

And, finally in *Schutz*, the record (unlike that here) did also contain evidence supporting the plaintiff's claims for trademark infringement and false advertising.   *Schutz*, 2012 WL 1073153 at *35.   Herein, Plaintiff's allegations could ***never*** amount to a cause of action for trademark infringement or false advertising.

Finally, the Georgia Supreme Court's holding in *Tidikis v. Network for Med. Commc'ns & Research LLC*, 274 Ga. App. 807, 811 (Ga. 2005), remains the prevailing law of this jurisdiction, and, therefore, Plaintiff's claim for unjust enrichment must be dismissed.

## VI.   Emory's Requests for Discovery are Untoward

Emory's requests for discovery, supposedly:

(i)      to find "other" accused shirts,

---

[2]  *Tidikis v. Network for Med. Commc'ns & Research LLC*, 274 Ga.App. 807, 811 (Ga. 2005); *see also Somerson v. McMahon*, 1:12-cv-00043, 2012 WL 8685208 (N.D. Ga. Aug. 24, 2012) (citing *Wachovia Ins. Servs., Inc. v. Fallon*, 299 Ga.App. 440, 449 (Ga. 2009)).

(ii)    to plead "other" causes of action, and

(iii)    to "examine the merits of its case",

are each inappropriate.  (Doc. 8, filed 2/21/2014,  pages 5 and 19).

And, because none of these alleged "purposes" deals with the matters presently before the Court, Emory's request should be denied, and Emory's Complaint should be dismissed.

## VII.   A Grant of Attorney's Fees is Appropriate

Fortunately, this the beginning of the case.   Although Emory has no colorable cause of action, Emory has been given a courteous and professional opportunity to explain its legal theories -- which are shown to be manifestly incorrect, as ignoring the prevailing Supreme Court precedent.  Hence, Emory has been given a full and fair opportunity to withdraw its untoward allegations, but has specifically chosen not to do so.

Under these facts, the grant of the (albeit thankfully yet modest) attorney's fees expended thus far would be appropriate, and would thus equitably compensate the Defendants.

## CONCLUSION

For all of the reasons set forth in Defendants' Motion and in this Reply Brief, Emory's Complaint should be dismissed, and in all fairness the Court should award reasonable attorneys' fees to the Defendants.

Respectfully submitted this 10th day of March, 2014,

*/s/ Robert M. Ward*
Robert M. Ward
3455 Peachtree Road NE
Floor 5
Atlanta, GA 30326
Telephone: (404) 606-6480
Facsimile: (203) 220-8497
rward@dilworthip.com
*Attorney for Defendants*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading was prepared using Times New Roman, 14-point, and otherwise conforms to the requirements of Local Rule 5.1.

This 10th day of March, 2013.

*/s/ RM Ward*

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filed with the Court's CM/ECF.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ RM Ward*

*Attorney for Defendants*